UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

JOZEF LUCZAJ, as a member of the
P&SFCU and as President and Member of the
Civic Committee of Members of PSFCU Inc.;
HENRYK KWIATKOWSKI, as a member of
the P&SFCU and as Vice President and
Member of the Civic Committee of Members
of PSFCU Inc.; ALEKSANDRA
JANUSZEWSKA, Individually, as a member
of the P&SFCU and as a Member of the Civic
Committee of Members of PSFCU Inc.; and
CIVIC COMMITTEE OF MEMBERS OF
PSFCU INC.,

                    Plaintiffs,

- against -

BOARD OF DIRECTORS OF THE POLISH
& SLAVIC FEDERAL CREDIT UNION,

                    Defendant.

---------------------------------------------------------------- X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 16 2010 ★
BROOKLYN OFFICE

**MEMORANDUM
DECISION AND ORDER**

10 Civ. 4070 (BMC)

At a Hearing before the Court on plaintiffs' [2] Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order, this Court *sua sponte* raised the issue of whether it has subject matter jurisdiction over this case and directed the parties to brief the issue. Defendants assert that the Court lacks subject matter jurisdiction, but plaintiffs contend the opposite. For the reasons stated below, this Court finds that it lacks jurisdiction and plaintiffs' complaint is dismissed without prejudice to recommencement in state court.

## BACKGROUND

Plaintiffs are members of the Polish & Slavic Federal Credit Union ("PSFCU"), which is a credit union chartered under the Federal Credit Union Act, 12 U.S.C. § 1751 ("FCUA"). They are also members of the Civic Committee of Members of PSFCU, Inc. ("Civic Committee"), which is a non-profit New York corporation. Defendants consist of Tomasz Bortnik, Chairman of PFSCU, and the PFSCU Board of Directors.

Plaintiffs commenced this action alleging that defendants violated the credit union's bylaws by: (1) failing to call a special meeting in violation of Article IV Section 3, and (2) refusing to grant the Civic Committee membership into PSFCU under Article II. Specifically, plaintiffs claim that even though they obtained the requisite number of signatures, the Chairman refused to hold a special meeting to (1) investigate the credit union's decision to release approximately $400,000 in membership dues to the Polish Slavic Center without first requiring a financial statement, and (2) seek removal of certain board members that approved this transfer. They also claim that PSFCU denied the Civic Committee membership into the credit union despite satisfying the membership requirements.

## DISCUSSION

Plaintiffs contend that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because defendants breached their bylaws, which are mandated by the National Credit Union Administration ("NCUA")[1] under the FCUA. Plaintiffs acknowledge that the FCUA does not

---

[1] The NCUA is a federal agency empowered to enforce the FCUA and make rules for its administration pursuant to 12 U.S.C. § 1752a and § 1766(a).

create a private or implied right of action.[2] Nevertheless, although plaintiffs have pled only common law claims for breach of contract and breach of fiduciary duty, they argue that a federal common law right of action exists under the FCUA to enforce a federal credit union's bylaws.

The Supreme Court has repeatedly reaffirmed its allegiance to the principal that there is "no federal general common law." See e.g., O'Melveny & Myers v. F.D.I.C., 512 U.S. 79, 83, 114 S. Ct. 2048, 2053 (1994) (quoting Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938)). Courts, however, have fashioned federal common law in two limited instances: (1) "those in which a federal rule of decision is necessary to protect uniquely federal interests," and (2) "those in which Congress has given the courts the power to develop substantive law." Texas Indus. Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 640, 101 S. Ct. 2061, 2067 (1981) (internal citations and quotation marks omitted). Since the FCUA does not specifically authorize courts to develop substantive law, only the first category is applicable here.

Plaintiffs argue that the "uniquely federal interest" in this case is the uniform administration of federal credit unions and enforcement of their bylaws. They contend that the history of the FCUA illustrates that the uniform administration of federal credit unions was of paramount importance to Congress when it enacted the FCUA. Plaintiffs claim that since the NCUA does not adjudicate disputes of this nature, Congress's desire for uniformity will be thwarted by the application of varying state laws.

The two 1980s cases relied on by plaintiffs appear to be the only decisions in which a federal court has found a federal common law cause of action under the FCUA. See Barany, 670

---

[2] See, e.g., Ridenour v. Andrews Fed. Credit Union, 897 F.2d 715 (4th Cir. 1990); Smith v. Dearborn Financial Servs. Inc., 982 F.2d 976 (6th Cir. 1993); Barany v. Buller, 670 F.2d 726 (7th Cir. 1982); Grand Union Mount Kisco Emps. Fed. Credit Union v. Kanaryk, 848 F. Supp. 446 (S.D.N.Y. 1994); Heller v. CACL Fed. Credit Union, 775 F. Supp. 839 (E.D. Pa. 1991); Rosenberg v. A T & T Emps. Fed. Credit Union, 726 F. Supp. 573 (D.N.J. 1989); Montford v. Robins Fed. Credit Union, 691 F. Supp. 347 (M.D. Ga. 1988); Nat'l Temple Non-Profit Corp. v. Nat'l Temple Cmty. Fed. Credit Union, 603 F. Supp. 807 (E.D. Pa. 1985); Heiskala v. Johnson Space Center Credit Union, 474 F. Supp. 448 (S.D. Tex. 1979).

F.2d at 735 (finding a federal common law cause of action for *quo warranto* relief under the FCUA where former credit union committee members brought an action to redress their removal); Rosenberg, 726 F. Supp. at 578 (holding a federal common law claim was appropriate to enforce a federal credit union's bylaws). This Court finds, as have others, that these decisions fail to comport with Supreme Court jurisprudence that sharply circumscribes the creation of federal common law. See, e.g., Ridenour, 897 F.2d at 721; Smith, 982 F.2d at 982; Nat'l Temple, 603 F. Supp. at 810.

Sufficient federal interest for the creation of federal common law "exists only in such narrow areas as (1) those concerned with the rights and obligations of the United States, (2) interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations, and (3) admiralty cases." Texas Indus., 451 U.S. at 641, 101 S. Ct. at 2067. The Supreme Court has noted that such cases are "few and restricted" and "limited to situations where there is a significant conflict between some federal policy or interest and the use of state law." O'Melveny & Myers, 512 U.S. at 87, 114 S. Ct. at 2055 (internal citations and quotation marks omitted). The existence of a significant conflict is a "precondition for recognition of a federal rule of decision." Id.

Here, plaintiffs have failed to point to any conflict, significant or otherwise, between a federal policy and the application of state law. Rather, they speculate that state laws vary and that their application would yield inconsistent enforcement of credit union bylaws. To the contrary, this Court finds that a New York court is more than capable of adjudicating plaintiffs traditional common law claims. New York has no less interest in enforcing corporate bylaws than the federal government, and every action brought to enforce bylaws requires an analysis of the facts of each case. Plaintiffs' invocation of the need for federal uniformity is unpersuasive

where they have failed to identify any threat to federal uniformity by the adjudication of this fact-specific action.

The Court recognizes that defendants have attempted to manipulate jurisdiction in an apparent effort to delay resolution on the merits. The Civic Committee originally sought the relief requested here in an Article 78 proceeding in state court. There, defendants contended that jurisdiction was exclusively federal. The state court did not pass upon that argument, but held that only the individual credit union members, not the Civic Committee, had standing to seek enforcement of the bylaws, and dismissed the proceeding for lack of standing with leave to re-file. Cognizant of defendants' argument that jurisdiction was exclusively federal, and hoping to avoid a threshold battle over jurisdiction, plaintiffs attempted to moot the point by recommencing here. However, once here, defendants reversed the position they had taken in state court, and argued that there was no federal jurisdiction.

Notwithstanding defendants' disingenuousness in reversing their position to avoid the merits, the fact is that they were wrong in state court and right here – there is no federal subject matter jurisdiction over this claim, and this Court therefore cannot hear it. Article 78, when prosecuted by the individual members of the corporation, is the historically recognized vehicle for obtaining the mandamus relief that plaintiffs seek. See Gally v. Columbia Univ., 22 F. Supp. 2d 199, 205 (S.D.N.Y. 1998) ("Proceedings under Article 78 are typically the avenue for parties challenging administrative actions by governmental agencies or by the decision-making bodies of private entities." (citation omitted)); Klonick v. Equitable Life Assur. Soc. of U. S., 353 N.Y.S.2d 372, 375 (N.Y. Sup. Ct. 1974) (noting that a member of a corporation may enforce its rights in a proceeding under Article 78 in the nature of mandamus). This Court is confident that

when pursued in the proper forum, through the proper plaintiffs, the state court will be fully able to afford expeditious relief if plaintiffs are so entitled.

Accordingly, plaintiffs' complaint is dismissed for lack of subject matter jurisdiction, without prejudice to recommencement in state court.

**SO ORDERED.**

/s/(BMC)

_____
U.S.D.J.

Dated: Brooklyn, New York
      September 15, 2010